# GT GreenbergTraurig

Michael J. Grygiel
Tel: (518) 689-1406
grygielm@gtlaw.com

December 11, 2019

**VIA ECF**

Honorable Thomas J. McAvoy
United States District Judge
United States District Court for the Northern District of New York
U.S. Courthouse and Federal Building
15 Henry Street
Binghamton, New York 13901

Re: *Doe v. Syracuse University*; Civil Action No. 5:17-cv-00787-TJM-ATB

Dear Judge McAvoy:

As counsel to Syracuse University's independent student newspaper, *The Daily Orange* ("*TDO*" or the "Newspaper"), we write respectfully to request expedited determination of our client's pending motion for public access [Dkt. No. 72] to Exhibit F [Dkt. No. 63-8] of Plaintiff's Motion for Summary Judgment, as well as to the parties' respective letter briefs [Dkt. Nos. 68, 69] addressing the sealing of Exhibit F, in the above-referenced proceeding.

There can be no real question that a presumptive right of public access attaches under both the First Amendment and common law to the summary judgment papers that have been submitted to the Court in this case. *Giuffre v. Maxwell*, 2019 U.S.App. LEXIS 7585 (2d Cir. Mar. 11, 2019); *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006); *Joy v. North*, 692 F.2d 880 (2d Cir. 1982), *cert. denied sub nom. CityTrust v. Joy*, 460 U.S. 1051 (1983); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999). Accordingly, as the Second Circuit emphasized in *Lugosch*, "[i]n light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that access . . . should be *immediate and contemporaneous*." 435 F.3d at 126-27 (emphasis supplied; internal quotations and citation omitted).

Numerous federal appellate and district courts have similarly recognized the importance of the temporal dimension of the access right in order that the value and utility of public oversight of the judicial process is preserved. *See, e.g., Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983) ("It is irrelevant that some of these pretrial documents might only be under seal for, at a minimum, 48 hours under the [court's] order. The effect of the order is a total restraint on the public's first amendment right of access even though the restraint is limited in time.") (footnote omitted); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) ("The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression.") (citations omitted); *United States v. Wecht*, 537 F.3d 222, 229 (3d Cir. 2008) ("the value of the right of access could be seriously undermined if it could not be contemporaneous"); *Republic of*

Greenberg Traurig, LLP | Attorneys at Law
54 State Street | 6th Floor | Albany, NY 12207 | T +1 518.689.1400 | F +1 518.689.1499

www.gtlaw.com

Honorable Thomas J. McAvoy
December 11, 2019
Page 2

*Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 664 (3d Cir. 1991) ("the public interest encompasses the public's ability to make a *contemporaneous* review of the basis of an important decision of the district court"); *Matter of Continental Ill. Sec. Litig.*, 732 F.2d 1302, 1310 (7th Cir. 1984) ("the presumption of access normally involves a right of *contemporaneous* access: disclosure of the contents of the Report would have been proper at the time the motion was still pending" (emphasis in original). If *TDO*'s reporters continue to be denied access with respect to their newsgathering relative to Exhibit F and are thereby prevented from reporting fully, accurately, and contemporaneously on the Rule 56 motion record presumably under consideration by the Court, the impermissible "freezing" effect on the Newspaper's (and the public's) constitutional rights is particularly damaging because it impairs the "communication of news and commentary on current events" and "the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly." *Nebraska Press Assoc. v. Stuart*, 427 U.S. 539, 559, 561 (1976).

In short, the "benefits attendant with open proceedings are compromised by delayed disclosure of documents." *Doe v. Pub. Citizen*, 749 F.3d 246, 272-73 (4th Cir. 2014). *TDO* therefore respectfully requests that this Court order immediate disclosure of Exhibit F and the parties' briefing on its sealing to prevent the continuing infringement of its First Amendment rights. *Nebraska Press Assoc. v. Stuart*, 423 U.S. 1327, 1329 (1975) ("any First Amendment infringement that occurs with each passing day is irreparable"); *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment"); *Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir. 1991) ("our historical commitment to expressive liberties dictates '[t]hat the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'") (citation omitted); *O'Malley v. City of Syracuse*, 813 F.Supp. 133, 140 (N.D.N.Y. 1993) (noting that the loss of First Amendment rights "for even one evening . . . would *per se* constitute irreparable injury"); *San Jose Mercury News*, 187 F.3d at 1096, 1099 (delay "can constitute an irreparable injury" "[i]n cases involving a request by the press for access to judicial records").

Thank you for the Court's continuing consideration in this regard.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*[signature: Michael J. Grygiel]*
Michael J. Grygiel

MJG/lmd
ACTIVE 47570380v1