UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

        **Plaintiff,**

  v.                                             No. 5:17-cv-787
                                                     (TJM/ATB)

SYRACUSE UNIVERSITY,

        **Defendant.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## ORDER

    Before the Court is Intervenor Syracuse Daily Orange's motion for reconsideration of the Court's order granting in part and denying in part the Intervenor's motion to lift the seal on certain documents in this case. See dkt. # 84-1. Defendant Syracuse University has opposed the motion.

    This case concerns allegations by Plaintiff John Doe that the University violated Title IX when the University expelled him after investigating allegations that he engaged in sexual misconduct with a female Syracuse student. Title IX, "which is enforceable through an implied private right of action, was enacted to supplement the Civil Rights Act of 1964's bans on racial discrimination in the workplace and in universities." Doe v. Columbia Univ., 831 F.3d 46, 53 (2d Cir. 2016); see 20 U.S.C. § 1681(a). "Because Title IX prohibits (under covered circumstances) subjecting a person to discrimination on account of sex, it is

1

understood to 'bar[ ] the imposition of university discipline where gender is a motivating factor in the decision to discipline.'" Columbia Univ., 831 F.3d at 53 (quoting Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994)).

The Intervenor, a student newspaper at Syracuse University, sought access to certain materials related to a partial motion for summary judgment the Plaintiff filed.[1] The Court's ruling on that motion addressed the request for access by considering a document filed in connection with the motion, which contained a spreadsheet listing allegations and adjudications of sexual misconduct cases at the University. The Court determined that the document in question could be unsealed, except that the names of faculty members who had participated on panels that presided over hearings on such claims could be redacted. The Intervenor seeks reconsideration of that ruling. The Intervenor also seeks to have the Court unseal briefing by the parties to this case on whether the document in question should be unsealed.

When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144

---

[1] Both parties filed motions for summary judgment. The Court denied the Plaintiff's motion and granted the Defendant's motion in part and denied it in part.

2

(2d Cir. 1998)).  Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

      The Intervenor complains that the Court erred in directing that the names of University faculty who served on University Conduct Boards and Appeals Boards should not be released to the public because the Court relied on the names and gender identities of such panel members in determining that Plaintiff could not prevail on his selective enforcement Title XI claim.  The Court also erred, the Intervenor claims, because other documents contained the names of faculty members who participated in the decisions implicated directly in this case, and because the names of faculty members who serve on these panels are available to the public.

      The Court is unpersuaded by the Intervenor's arguments in this respect.  First, the Court has already concluded that releasing the names of those who served on particular panels related to particular cases is not necessary to understanding the basis for the Court's decision.  To state it more plainly: the names and gender of those who rendered the decisions in a number of other sexual misconduct cases did not play a role in determining whether Plaintiff was subject to selective enforcement or some other form of gender bias in the investigation and adjudication that led to his expulsion.  The argument here was that the University treated men and women differently when it came to allegations of sexual misconduct, and not that the gender identity of panel members determined the adjudication. Second, whatever public knowledge there is of the identify of the members of these panels,

3

the information here connected the panel members to particular cases that were only tangentially related to this case. The Court did not examine the decisions of any panel except the one that found against the Plaintiff. The Court did not analyze the makeup of any other panels, or consider evidence that particular panels that did not involve the Plaintiff engaged in any particular discriminatory conduct. The document in question was a summary that did not contain the facts related to any particular case. Knowing who made the decisions in any particular case listed in the summary did not play a role in the Court's reasoning. Moreover, the Court recognizes that these cases are emotional matters that abound in hard feelings and that releasing to the public the names of the people who decided to punish students in particular cases could lead to backlash and undermine the University's ability to find volunteers to participate in the process. The Court is convinced that the public can gain a sufficient understanding of the factual basis for the Court's decision without the names or gender identity the Intervenor seeks. For those reasons, as well as the reasons stated in the Court's earlier decision, the Court will deny the motion for reconsideration.

    The Court will, however, grant the motion for reconsideration with respect to the parties' briefing on the issue of whether the exhibit should be sealed. See dkt. #s 68, 69. The Intervenor is correct that those documents helped the Court determine whether to keep the exhibit sealed. The briefs do not contain any reference to the names that the Court determined should be sealed, but instead include citations to case law regarding public access to information and general arguments about the nature of the material. The public will better understand the basis for the Court's decision by examining those documents. The Court will therefore order that the Clerk of Court unseal those documents.

     As such, the Intervenor's motion for reconsideration, dkt. # 84, will be GRANTED in part and DENIED in part.  The motion is granted with respect to the parties' briefs on this issue.  The Clerk of Court is DIRECTED to UNSEAL docket entries 68 and 69 and make them publically available.  The motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: June 24, 2020

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge